# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XAVIER VENIAL CLAY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JON FISHER and THE ATTORNEY ) <br> GENERAL OF THE STATE OF ) <br> PENNSYLVANIA, ) <br> ) <br> Defendants. | Civil Action No. 14 – 736 <br><br> Chief Magistrate Judge Lisa Pupo Lenihan |

## **ORDER**

Petitioner has filed a Motion requesting "all relevant transcripts", including the transcript of his taped statement to police on December 19, 2009; his trial proceedings held on October 19, 2009; his sentencing proceedings held on December 16, 2009; and an unspecified hearing held on April 14, 2010. It appears as though he requests these transcripts so that he may amend his petition in the future if he deems it necessary.

Upon application for a writ of habeas corpus, a petitioner who has been certified to proceed *in forma pauperis* may obtain copies of relevant documents without cost. 28 U.S.C. § 2250. Section 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Determining whether to grant an indigent's motion for a transcript hinges on need and relevance. United States Ex Rel. Williams v. State of Del., 427 F.Supp. 72, 76 (D. Del. 1976)

(citing Bozeman v. United States, 354 F. Supp. 1262 (E.D. Va. 1983)). "A blanket and noncommittal request for copies is insufficient to enable the court to make a determination of necessity." Cassidy v. United States, 304 F. Supp. 864, 867 (E.D. Mo. 1969). "The obvious reason for this . . . is because only the Judge of the Court before whom a proceeding is pending is in a position to determine whether it is necessary to impose such a burden upon the Clerk of a Court of the United States and, if so, to limit the copies to be furnished to those records which are pertinent to the issues presented in the case." United States v. Hoskins, 85 F. Supp. 313 (D.C. Ky. 1949).

It was only on June 13, 2014 that the Court ordered the United States Marshals Service to serve the petition on Respondents. Thus, Respondents have not yet submitted their answer to the petition, and, it is therefore impossible to know what documents are relevant to the issues presented in the petition. At this stage of the proceedings, Petitioner's motion is simply premature. Accordingly, it will be denied without prejudice. In the event that Petitioner wishes to refile his motion after an answer has been submitted, he must specify those documents that he deems necessary. The Court will reconsider his request at that time. Therefore,

**IT IS HEREBY ORDERED**, this 17th day of June 2014, that Petitioner's Motion to Request Transcripts (ECF No. 4) is **DENIED** without prejudice.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:    Xavier Venial Clay
       JH 7221
       S.C.I. Smithfield
       1120 Pike Street
       P.O. Box 999

Huntingdon, PA  16652
*Via First Class Mail*